## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET FELKNER, Individually and as** | : | **CIVIL ACTION** |
| **Administratix of the ESTATE OF DANIELLE** | : | |
| **FELKNER, DECEASED,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No.: 13-CV-2189** |
| | : | |
| **WERNER ENTERPRISES, INC. and ANDREW** | : | |
| **ZIEMBA AND JOHN DOES 1-25,** | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

**LYNNE A. SITARSKI, M.J.**                                           **DECEMBER 17, 2013**

### I.      INTRODUCTION

This matter comes before the Court on five discovery motions filed by Plaintiff Janet

Felkner ("Plaintiff"), individually, and as administratix of the estate of Danielle Felkner.  Those

motions are: (1) Plaintiff's Motion to Compel Deposition of Defendant Andrew Ziemba

("Ziemba") and for Sanctions for the Untimely Cancellation of His Duly Noticed Deposition

(ECF No. 29); (2) Plaintiff's Motion to Compel Defendant Werner Enterprises, Inc. ("Werner")

to Provide Further Responses to Interrogatories (ECF No. 27); (3) Plaintiff's Motion to Compel

and for Disclosure of Complete Responses to Plaintiff's First Request for Production of

Documents and Things Addressed to Werner Enterprises, Inc. (ECF No. 28); (4) Plaintiff's

Motion to Compel Responses to Interrogatories and Requests for Production to Defendant

Andrew Ziemba (ECF No. 41); and (5) Plaintiff's Motion for Court Order Deeming Late

Response to Request for Admissions Insufficient, Overruling Defendants' Objections and

Determining that Every Request for Admissions Shall be "Admitted" for All Purposes (ECF No. 42).

For the reasons discussed herein, the motion to compel the deposition and for sanctions is **DENIED AS MOOT** (ECF No. 29); the motion to compel Werner's interrogatory responses (ECF No. 27) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART**; the motion to compel Werner's production of documents (ECF No. 28) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART**; Plaintiff's motion to compel Ziemba's responses to interrogatories and production of documents (ECF No. 41) is **DENIED**; and (5) Plaintiff's motion to deem late responses to Plaintiff's requests for admissions as admitted (ECF 42) is **HELD IN ABEYANCE** as not ripe for disposition.

## II.     DISCUSSION

On December 13, 2013, the Court conducted an extensive hearing on all outstanding discovery matters.  The Court issues this memorandum to memorialize the rulings made during that hearing.

### A.  Motion to Compel Deposition and for Sanctions

During the hearing, Plaintiff's counsel acknowledged that Ziemba's deposition has been taken, thus making this motion moot.  Thus, I shall deny as moot the motion to compel and for sanctions (ECF No. 29).

**B.  Motions to Compel Werner to Respond to Interrogatories and Requests for Production**

Plaintiff moves to compel Werner to respond to Plaintiff's interrogatories (ECF No. 27 at 10), and produce all non-privileged documents (ECF No. 28 at 9).  Plaintiff asks the Court to compel Werner to provide more complete answers to thirteen interrogatories (Interrogatories Nos. 1, 2, 4, 6, 7, 10, 12, 13, 14, 15, 16, 18, & 19).  (ECF No. 27 at 2-10.)  Additionally, Plaintiff moves to compel Werner to produce documents related to eleven requests (Requests Nos. 1, 3, 4, 6, 8, 9, 10, 15, 22, 30, & 31) for production.  (ECF No. 28 at 1-9.)  I shall discuss the issues that were raised in these motions in the same order in which I discussed those issues with the parties during the December 13, 2013 hearing.  I shall simultaneously provide rulings on certain interrogatories and requests for production where those discovery requests seek substantially similar information.

**1.     Person Answering Interrogatories (Interrogatory No. 1)**

Defendants' counsel stated that she consulted with Werner employee Emily Rosenvold in responding to the interrogatories.  The Court ordered Defendants' counsel to identify the individuals (if any) that Ms. Rosenvold consulted while gathering information for Werner's counsel to use in responding to the interrogatories.

**2.     Insurance Information (Interrogatory No. 1 and Request No. 1)**

This issue is moot, as Plaintiff's counsel acknowledges that the relevant material has been provided.

3.      **Interviews (Interrogatory No. 4)**

Defendants' counsel stated that it is withholding as privileged certain information related to Plaintiff's Interrogatory No. 4.  Defendants shall identify the withheld information on a privilege log.  Thus, Plaintiff's motion is granted with respect to this issue, and Defendants shall provide an appropriate privilege log.

4.      **Photographs, Videos Diagrams (Interrogatory No. 6 and Request No. 15)**

During the hearing, Defendants' counsel stated that all non-privileged materials responsive to this request have been provided to Plaintiff.  To the extent that Defendants are withholding any responsive information on the basis of privilege, the motion with respect to this issue is granted and Defendants shall identify those materials in a privilege log.

5.      **Inspections (Interrogatory No. 7)**

Defendants' counsel informed the Court that all responsive information other than expert reports have been provided to Plaintiff.  With respect to expert reports, Defendants' attorneys confirmed that they would provide timely disclosure by the scheduled deadline.  Because Defendants are not withholding any information, this portion of the motion is denied as moot.[1]

6.      **Allegations in Answer Related to Affirmative Defenses (Interrogatory No. 7)**

Defendants' counsel informed the Court that all responsive information other than information in expert reports has been provided to Plaintiff.  Counsel stated that expert reports

---

[1]  The Court reminded the parties that if either party did not disclose information that they were required to disclosure prior to trial, then the Court would not permit that party to present that information at trial.

shall be provided by the disclosure deadline.  They acknowledged that Plaintiff has filed subpoenas for additional information, and will respond to those subpoenas as they are received.

Plaintiff's counsel stated that she seeks the educational records (and potentially medical records) of a potential witness who has brought a separate action against Defendants in the state court.  Plaintiff's attorney is in contact that other witness/plaintiff's attorney. Plaintiff's counsel shall contact the witness/plaintiff's attorney to obtain that information.  To the extent Plaintiff has moved to compel Defendants' production of materials which were obtained in separate litigation, the motion is denied.

### 7.      Trip Information (Interrogatory Nos. 12 and 13)

Plaintiff's counsel reported that the Defendants have now fully responded to Interrogatory No. 12.  Defendants' counsel stated that they do not dispute Ziemba's testimony regarding the route he traveled, and that they have now provided all other responsive information.  Thus, this issue is moot.

### 8.      Mechanical Defect and Records (Interrogatory No. 14 and Requests Nos. 3 and 4)

During the hearing, the lawyer for Defendants stated that Defendants do not believe that a mechanical defect in the tractor trailer caused the underlying accident, and Plaintiff's attorney was satisfied with this response.  Defendants' counsel reported that Defendants have produced certain inspection, maintenance, and repair files, and they would produce additional files for the time period that Plaintiff has requested.  Thus, these issues are now moot.

9.      **Identity of Werner Personnel (Interrogatory Nos. 15 and 18)**

Defendants' counsel reports that she provided Plaintiff with additional information responsive to this request. Thus, this issue is now moot.

10.     **Ziemba Employment Information (Interrogatory No. 16 and Request No. 9)**

Defendants' counsel asserts that they have provided Ziemba's Driver Qualification file and the date of Ziemba's termination. Defendants' counsel has confirmed that all information has been provided, and no responsive information being withheld. Thus, this issue is now moot.

11.     **Bill of Lading (Request No. 6)**

Counsel for Plaintiff and Defendants dispute whether delivery information for the day of the underlying incident has been provided by Defendants. Defendants offered to identify the relevant documents. Thus, this motion as it relates to this claim is denied as moot.

12.     **Ziemba Medical Records (Interrogatory No. 19 and Request No. 8)**

The parties acknowledged that this matter is resolved, so this aspect of the motion is denied as moot.

13.     **Driver's Logs (Request No. 10)**

Plaintiff requested driver's logs from October 21, 2010, through the April 21, 2011 incident, but Defendants provided Ziemba's driver logs for a period of eight days. Defendants argued that the request is overly broad and requires a production that would be unduly burdensome. Defendants' counsel also offered as a concession to produce 30 days of driver's logs. During the hearing, I stated that I would take this matter under advisement.

According to Defendants' lawyer, Ziemba drove for Werner for eight months. Federal law requires Werner to retain driver logs for only six months. Defendants acknowledged receiving Plaintiff's spoilation letter on July 11, 2011. Thus, in actuality, the current dispute is focused on the production of driver's logs from January 11, 2011 (six months prior to receipt of the the spoilation letter) through on or about April 3, 2011, a period of 82 days.

Defendants shall produce the additional 30 days of driver's logs to Plaintiff. If Plaintiff believes that the remaining 52 days of materials are needed, Plaintiff's counsel shall confer with Defendants' counsel on possible ways to address reducing the burden of production on Defendants. Thus, to the extent Plaintiff requests that the Court compel the production of additional driver's log (beyond the 30 days-worth that Defendants have agreed to produce), the motion is denied without prejudice.

### 14.    Ziemba Cell Phone Records (Request No. 22)

Defendants' attorney has represented that Defendants do not have these cell phone records. Plaintiff's counsel recognized that they have information which will permit them to seek the records by way of subpoena from Ziemba's telephone service provider. Thus, the motion as it relates to this issue is denied.

### 15.    Notes and Memorandum; Incident, Accident, and Investigative Reports;  and Other Documents (Request Nos. 30 & 31)

Defendants' counsel acknowledged that certain materials were being withheld as privileged. Counsel's communications with its client need not be identified on a privilege log. The extent that Werner has withheld internally generated documents, Plaintiff's motion as it

relates to those documents is granted, and Defendants shall produce a privilege log that identifies any withheld documents.

### 16.   Conclusion

In sum, the Court denies in part, grants in part and denies as moot in part, Plaintiffs' motions to compel Werner to respond to interrogatories and requests for production.

### C.   Motion to Compel Ziemba to Respond to Interrogatories and Requests for Production

Plaintiff's counsel complains that Ziemba has not responded to discovery by providing responses to interrogatories or the producing requested documents.  Ziemba's attorney explained that her office was unable to locate the discovery requests. She also explained that when Plaintiff's counsel raised this issue at Ziemba's deposition, there was some confusion on Ziemba's counsel's part about which responses Plaintiff claimed were outstanding.

Ziemba's counsel acknowledges that she now has these discovery requests and her firm is responding to the requests.  She also observed that the responses will produce substantially the same information that has already been produced in connection with Werner's discovery responses.  Ziemba shall produce the discovery responses on or before December 23, 2013.

Accordingly, Plaintiff's motion to compel (ECF No. 41) is denied.

### D.   Motion to Deem Requests for Admission Admitted

Plaintiff has moved the Court to find that Defendants' late responses to Plaintiff's requests for admissions deems those requests to be admitted.  (ECF No. 42.)  A ruling on this motion is not ripe for disposition, because Defendants have not yet filed a response.  Thus, this motion is held in abeyance pending the filing of a  response.

### E.        Scheduling Order

During the hearing, the parties requested permission to meet with a private mediator on January 27, 2014, in lieu of a January 17, 2014, settlement conference.  The request is granted, and the settlement conference with the Court scheduled for January 17, 2014 is cancelled.

Additionally, the parties sought changes to the scheduling order to extend the filing deadline for dispositive motions.  The parties are to submit a proposed scheduling order.  However, the Court is not inclined, at this juncture, to adjourn the trial date.  Any proposed scheduling order should allow the Court sufficient opportunity to rule on any dispositive motions

## IV.      CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that:

(1) Plaintiff's Motion to Compel Deposition of Defendant Andrew Ziemba and for Sanctions for the Untimely Cancellation of His Duly Noticed Deposition (ECF No. 29) is **DENIED AS MOOT**;

(2) Plaintiff's Motion to Compel Defendant Werner Enterprises, Inc. to Provide Further Responses to Interrogatories (ECF No. 27) is  **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART**;

(3) Plaintiff's Motion to Compel and For Disclosure of Complete Responses to Plaintiff's First Request for Production of Documents and Things Addressed to Werner Enterprises, Inc. (ECF No. 28) is  **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART**;

(4) Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production to Defendant Andrew Ziemba (ECF No. 41) is **DENIED**;

(5) Plaintiff's Motion for Court Order Deeming Late Response to Request for Admissions Insufficient, Overruling Defendants' Objections and Determining that Every Request for Admissions Shall be "Admitted" for All Purposes (ECF No. 42) is **HELD IN ABEYANCE** as not ripe for disposition;

(6) Ziemba shall produce discovery responses on or before December 23, 2013;

(7) Defendants shall produce their privilege logs on December 20, 2013; and

(8) the parties shall provide a joint proposed scheduling order addressing mediation and the filing of dispositive motions by close of business on Thursday, December 19, 2013.

An appropriate Order follows:

BY THE COURT:


    /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE